IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of PAUL'S ELECTRICAL CONTRACTING, LLC, a Hawaii limited liability company,<br><br>    Plaintiff,<br><br>    vs.<br><br>AMERICAN ELECTRIC COMPANY, LLC, a Hawaii limited liability company; et al.,<br><br>    Defendants. | CIVIL NO. 10-00132 SOM/BMK<br><br>ORDER REMANDING CLAIM TO ARBITRATOR |

ORDER REMANDING CLAIM TO ARBITRATOR

I.      INTRODUCTION.

This matter arises out of an arbitration between American Electric Company, LLC ("AEC"), and Paul's Electrical Contracting, LLC ("PEC"). The arbitrator awarded PEC $4,313,979. AEC has moved to correct or modify that award, claiming that the amount awarded is too large. PEC has filed a countermotion to confirm the arbitration award. On December 1, 2010, this court held a hearing on the motions. At the end of that hearing, the parties asked this court not to issue any order, so that they could discuss settlement. The parties have since asked the court to issue its order. Rather than correct, modify, or confirm the award, this court remands the claim to the arbitrator to clarify, correct, or modify the award.

II.     FACTUAL BACKGROUND.

The factual background is not in dispute. The Navy issued a contract for the construction of the Hawaii Regional Security and Operations Center. DCK Pacific was the general

contractor under that contract.  DCK Pacific, in turn, subcontracted certain work under the contract to American Electric Company, LLC ("AEC").  AEC then further sub-subcontracted with PEC.  After PEC had done some work, DCK Pacific terminated its subcontract with AEC without cause, preventing PEC from completing its obligations under the sub-subcontract.

AEC and PEC arbitrated their dispute before former judge Thomas K. Kaulukukui, Jr., to determine what AEC owed PEC under the sub-subcontract.  On July 2, 2010, the arbitrator issued his award, determining that AEC owed PEC $4,313,979, as follows:

|        | Description                        | Amount ($) |
|--------|------------------------------------|-----------:|
|        | Labor, Fringe & FA - PEC           | 3,194,870  |
|        | Force Account - PEC                | 126,143    |
| Item 1 | Labor & Fringe - PES               | 952,643    |
| Item 2 | Labor & Fringe - ICI               | 103,986    |
|        | Materials                          | 3,528,177  |
|        | Equipment rental / Operating Costs | 3,491,847  |
|        | Other Equipment Costs              | 190,634    |
| Item 3 | Bond Fee                           | 95,530     |
|        | Drilling Sub                       | 1,709      |
|        | PEC Rework & Backcharge            | 448,894    |
| Item 4 | GET (4.712%)                       | 571,680    |
| Item 5 | **Subtotal of Costs**              | 12,704,113 |
|        | Interest                           | 0          |
| Item 6 | Plus 15% for OH/Profit             | 1,919,182  |

| Item 7  | **Subtotal of Costs plus 15%**                                      | 14,623,295  |
|---------|---------------------------------------------------------------------|-------------|
| Item 8  | Plus additional GET [on the 15% profit (4.712% of $1,919,182)       | 90,432      |
| Item 9  | **Total Costs plus 15% + GET**                                      | 14,713,727  |
|         | Less payments received                                              | (9,950,854) |
| Item 10 | **Total Due**                                                       | 4,762,873   |
| Item 11 | rework                                                              | (448,894)   |
| Item 12 | **Net Payment Due**                                                 | 4,313,979   |

See Decision and Award, DPR No. 09-0196-A, July 2, 2010, ECF No. 39-4. For ease of discussion, the court has added "Item" numbers to the arbitrator's table.

III.   ANALYSIS.

On August 16, 2010, AEC filed a motion under section 658A-24 of the Hawaii Revised Statutes for correction or modification of the arbitrator's award of $4,313,979 to PEC. See ECF No. 32. Section 658A-24(a)(1) allows this court to modify or correct an arbitration award when there is "an evident mathematical miscalculation or an evident mistake in the description of a person, thing, or property referred to in the award." Section 658A-24(a)(3) allows this court to modify an arbitration award when it "is imperfect in a matter of form not affecting the merits of the decision on the claims submitted." AEC argues that the arbitration award should be corrected or modified because alleged miscalculations and mathematical errors resulted in an inflated award. See id.

On November 8, 2010, PEC filed a countermotion to

3

confirm the arbitration award pursuant to section 658A-22 of the Hawaii Revised Statutes and the Federal Arbitration Act. PEC argues that this court is required to confirm the arbitration award unless it is modified or corrected. See ECF No. 39.

Under section 658A-20(d), whenever this court is being asked to modify, correct, or confirm an award under sections 658A-22 and -24, the court "may submit the claim to the arbitrator to consider whether to modify or correct the award" for any ground stated in section 658A-24(a)(1) or (3). See Haw. Rev. Stat. § 658A-20(d)(1). The court may also submit the claim to the arbitrator to clarify the award. See Haw. Rev. Stat. § 658A-20(d)(3).

A. Items 1 and 2.

With respect to Items 1 and 2, AEC claims that the arbitrator made a "miscalculation." AEC argues that the award is inconsistent with the arbitrator's statement on page 15 of his decision that, "regarding labor costs, treating PES and ICI as other than subcontractors is proper." AEC says that, in making the award, the arbitrator must have awarded a subcontractor mark-up of $70,566 for Item 1 (Labor & Fringe - PES) and $7,702 for Item 2 (Labor & Fringe - ICI). AEC says the corrected amounts should be $882,077 for Item 1 and $96,284 for Item 2.

At the hearing on the present motions, the court asked PEC whether the money awarded for Items 1 and 2 is inconsistent with the arbitrator's reasoning in his decision. PEC admitted

4

that the arbitrator's reasoning was "ambiguous," but argued that this court should confirm the award because the award itself contained no such ambiguity. PEC argued that this court is not allowed to try to discern the arbitrator's intent. In essence, PEC argues that this court should ignore the arbitrator's "decision" and examine only the unambiguous language of the "award," which states: "Based on the foregoing, I award to PEC the amount of **$4,313,979.** I make no award of interest, attorneys' fees or costs to any party. From and after the filing of this Decision & Award, I am *functus offico*." This court is not convinced by PEC's argument.

This court can envision a situation in which the arbitrator's decision discussed awarding PEC $4,313,979, but the award itself unambiguously awarded PEC $313,979. Under that circumstance, the court is sure that PEC would be arguing that this court should not simply ignore the decision, focusing solely on the unambiguous language of the award. Section 658A-20 allows this court to remand the matter to the arbitrator 1) to clarify the award or 2) to correct or modify the award when there is an "evident miscalculation" or when the award is "imperfect in a matter of form not affecting the merits of the decision on the claims submitted." Pursuant to section 658A-20, the court remands the claim to the arbitrator to consider whether to correct or modify Items 1 and 2 in light of his determination that, "regarding labor costs, treating PES and ICI as other than

5

subcontractors is proper." The arbitrator may use his discretion in determining whether to correct, modify, and/or clarify his award.

B.  Item 3.

Item 3 reflects a charge of $95,530 for a bond fee. The parties agree that this figure contains a typographical error. The actual bond fee should be $9**3**,530. The court notes that the arbitrator appears to have used the correct bond fee amount in his calculation of Item 5, the subtotal of costs. On remand, the arbitrator may review Item 3 pursuant to section 658A-20 of the Hawaii Revised Statutes.

C.  Items 4 through 12.

The arbitrator may also review other portions of his award pursuant to section 658A-20.

With respect to Items 4 to 10, and 12, the court notes that the arbitrator may decide to adjust figures depending on whether any adjustments are made to Items 1, 2, and 3.

In addition, with respect to Item 6, which awards a 15% profit of $1,919,182, the arbitrator may consider clarifying how he calculated the 15% award, as 15% of $12,704,113 is $1,905,617. PEC indicated at the hearing before this court that the arbitrator used an "iterative calculation" in determining that the 15% profit should be $1,919,182, rather than $1,905,617, but that is not clear in the award itself.

This court also notes an issue with respect to Item 11.

6

Just before Item 4, the arbitrator reasoned that $448,894 was owed for rework. General Excise Tax ("GET") and 15% profit were then charged on the $448,894. See Items 4 and 6. However, when the arbitrator subtracted $448,894 for rework (item 11), GET and 15% profit on GET were not also subtracted. This may well have been the arbitrator's intent. The court leaves it to the arbitrator's discretion to clarify, modify, or correct this part of his decision.

        D.    <u>General Excise Tax.</u>

AEC takes issue with the arbitrator's calculation of GET. AEC argues that it that it is paying GET twice, i.e., that the 15% profit is based on a figure including GET, but AEC must also pay GET on that 15% profit. Because this argument may involve the arbitrator's interpretation of how the contract calculates the 15% profit, as opposed to a "miscalculation," "mathematical error," or some other reason listed in section 658A-20 for modifying, correcting, or clarifying the award, this court is taking no position on whether the arbitrator should reexamine his award to determine whether modification, correction, or clarification of the GET is appropriate.

IV.    <u>CONCLUSION.</u>

For the foregoing reasons, the court remands the claim to the arbitrator pursuant to section 658A-20 for modification, correction, or clarification of the award, as appropriate. Specifically, the court asks the arbitrator to examine Items 1

7

and 2.  However, the arbitrator may wish to make appropriate adjustments to his award on the other items discussed above.  The court is not requiring the arbitrator to change the award, but is simply asking the arbitrator to exercise his discretion in determining whether any modification, correction, or clarification is necessary.  The court is not precluding the arbitrator from correcting any error if the arbitrator determines that he made a miscalculation or a mathematical error.  On remand, the arbitrator shall use his discretion as to whether he would like to receive further supplemental briefing or argument, or whether he will simply issue another decision and award.

        Although this order remands the claim to the arbitrator, the Clerk of Court is directed to leave this case open at this time, as Miller Act claims remain for adjudication.  This court will hold a telephone conference with all parties to this case on Tuesday, February 15, 2011, at 11:15, to discuss how this case shall proceed in light of the remand.  The court will initiate this telephone conference.  All parties shall immediately contact this judge's courtroom manager at (808) 541-

1297 to provide her with contact information for the telephone conference.

　　　　IT IS SO ORDERED.

　　　　DATED: Honolulu, Hawaii, February 9, 2011.



　　　　　　　　　　　　　　/s/ Susan Oki Mollway
　　　　　　　　　　　　　　Susan Oki Mollway
　　　　　　　　　　　　　　Chief United States District Judge

UNITED STATES OF AMERICA for the use and benefit of PAUL'S ELECTRICAL CONTRACTING, LLC, v. AMERICAN ELECTRIC COMPANY, LLC, et al.; CIVIL NO. 10-00132 SOM/BMK; ORDER REMANDING CLAIM TO ARBITRATOR